[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 24-10469

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RICKEY THOMPSON,
a.k.a. Sea Dog,
a.k.a. Trick Daddy,
a.k.a. Tricks,
a.k.a. Daddy,
a.k.a. Renewal,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:07-cr-80036-WPD-1

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Rickey Thompson appeals the denial of his second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The government moves for summary affirmance. We agree with the government and affirm the district court.

## I.

In 2006, Thompson captained two journeys to smuggle undocumented persons into the United States. Three passengers drowned after Thompson, high on cocaine, forced them to disembark—one time at gunpoint—into deep waters.

A jury convicted Thompson of every charge in a 30-count indictment. The charges included three counts of alien smuggling resulting in death and three counts of second-degree murder. The district court sentenced Thompson to concurrent life sentences in prison for the smuggling-resulting-in-death and murder charges. On direct appeal, this Court affirmed. *United States v. Thompson*, 363 F. App'x 737, 737–38 (11th Cir. 2010) (unpublished).

Thompson sought compassionate release in 2022. The district court denied the motion because Thompson failed to demonstrate that the 18 U.S.C. § 3553(a) factors favored relief. The

court found that Thompson's sentence "was fair and just" as well as necessary to "protect the public from further criminal activity." This Court summarily affirmed, "easily conclud[ing] that the district court acted within its discretion." *United States v. Thompson*, No. 22-10965, 2022 WL 4355102, at *2 (11th Cir. Sept. 20, 2022) (unpublished).

In 2023, the Sentencing Commission tweaked its compassionate-release policy statement. Pursuant to the revision, nonretroactive changes in law could justify relief for a prisoner serving an "unusually long sentence." *See* U.S.S.G. § 1B1.13(b)(6).

Thompson then filed a second motion for compassionate release. Thompson claimed that he was serving an unusually long sentence, that he suffered from worsening health problems, and that the medical care he received in prison was inadequate.

The district court denied Thompson's motion. The court explained that Thompson was not eligible for relief and that the § 3553(a) factors disfavored early release. Though the court acknowledged several mitigating factors, Thompson's "egregious criminal episode" warranted continued incarceration. Finally, the district court explained that it had "considered the 18 U.S.C. § 3142(g) factors" and determined that Thompson still posed a risk to others.

Thompson filed a supplemental motion, which the district court construed as a motion to reconsider its decision. Unlike in his second motion for compassionate release, this time Thompson discussed expressly why the § 3553(a) factors favored his release.

The district court declined to reconsider its decision. Thompson now appeals.

## II.

We review a district court's denial of a prisoner's § 3582(c)(1) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings that are clearly erroneous. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011) (quotation omitted).

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

## III.

Under the compassionate-release statute and its policy statement, a district court may reduce a movant's term of imprisonment if: (1) there are "extraordinary and compelling reasons" for the defendant's early release, as defined in U.S.S.G. § 1B1.13; (2) the defendant's release would not endanger any person or the community; and (3) the factors listed in 18 U.S.C. § 3553(a) favor doing so. *United States v. Tinker*, 14 F.4th 1234, 1237

---

[1] *Groendyke Transportation* is binding precedent in the Eleventh Circuit under *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

24-10469                 Opinion of the Court                       5

(11th Cir. 2021).  Each condition is necessary, so the failure to satisfy "even one" warrants denial of a motion for a sentence reduction.  *See id.* at 1237–38.

Here, the district court did not abuse its discretion in denying Thompson's second motion for compassionate release.[2] Thompson argues that several extraordinary and compelling reasons, including his poor health, active involvement in the prison community, and lack of "specific intent" to "kill anyone at all" warrant early release.

Thompson is wrong.  And even if he had presented persuasive reasons for a reduction in his sentence, we need not reach that issue.  Thompson's release would endanger the community, and the § 3553(a) factors do not favor his release. Because "all three conditions . . . are necessary," the "absence of even one" necessarily "foreclose[s] a sentence reduction." *Id.*

*First*, § 3142(g)(4) mandates that a prisoner must not pose a danger to the community to earn a compassionate release.  *See* U.S.S.G. § 1B1.13(a)(2).  The district court did not clearly err in finding that Thompson is still dangerous.

The district court weighed Thompson's offenses, his subsequent conduct, and his present circumstances.  The court

_____

[2] Nor did the district court misstep in denying Thompson's motion for reconsideration.  Reconsideration of a prior order is "an extraordinary remedy to be employed sparingly," and Thompson has not presented facts of a "strongly convincing nature" to warrant such a remedy.  *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369–70 (S.D. Fla. 2002).

expressly "considered the 18 U.S.C. § 3142(g) factors" and found that Thompson's "egregious criminal episode" and "prior drug importation conviction" rendered his current sentence "necessary to protect the public from further criminal activity." *See* 18 U.S.C. § 3142(g)(1), (4). This conclusion finds ample support in the record.

*Second*, the district court did not abuse its discretion in concluding that the § 3553(a) factors disfavored reducing Thompson's sentence. The court weighed the factors and explained how Thompson's "requested relief would not promote respect for the law or act as a deterrent." *See* 18 U.S.C. § 3553(a)(2)(A), (B). What's more, Thompson's circumstances have not materially changed since this Court "easily conclude[d] that the district court acted within its discretion in finding that the § 3553(a) factors do not merit relief." *Thompson*, 2022 WL 4355102, at *2. And if there were any doubt, Thompson continues to deny responsibility for his actions, claiming he "never did any of these things nor offenses at all." We have little trouble once again holding that the district court acted within its discretion.

★      ★      ★

Because the government is "clearly right as a matter of law," we **GRANT** its motion for summary affirmance. *Groendyke Transp.,* 406 F.2d at 1162.

**AFFIRMED.**